1  JAMES R. MCGUIRE (BAR NO. 189275)
   JMcGuire@mofo.com
2  SARAH E. GRISWOLD (BAR NO. 240326)
   SGriswold@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:    415.268.7000
5  Facsimile:    415.268.7522

6  ROBERT S. STERN (BAR NO. 68240)
   RStern@mofo.com
7  SYLVIA RIVERA (BAR NO. 223205)
   SRivera@mofo.com
8  MORRISON & FOERSTER LLP
   555 West Fifth Street
9  Los Angeles, CA  90013-1024
   Telephone:    213.892.5200
10 Facsimile:    213.892.5454

11 Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.,
12 *Erroneously sued as*
   JPMORGAN CHASE BANK dba CHASE
13 AUTOMOTIVE FINANCE

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                   SAN JOSE DIVISION

18

19 MARIA I. IRIAS, individually, on behalf of the    Case No.
   general public, and on behalf of all others
20 similarly situated,
                                                     **NOTICE OF REMOVAL**
21                    Plaintiff,

22        v.

23 JPMORGAN CHASE BANK dba CHASE
   AUTOMOTIVE FINANCE; and DOES 1 through
24 50, inclusive,

25                    Defendants.

26

27

28

NOTICE OF REMOVAL
Case No.

sf-2533772

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that Defendant JPMorgan Chase Bank, N.A. (hereinafter

4  "Chase"), sued erroneously as "JPMorgan Chase Bank dba Chase Automotive Finance," hereby

5  removes to this Court the state court action described below, pursuant to 28 U.S.C. § 1441.

6  **PROCEDURAL HISTORY**

7    1.    On or about May 2, 2008, plaintiff filed a purported class action complaint against

8  Chase in the Superior Court of the State of California, County of Santa Clara County, captioned

9  *Maria I. Irias v. JPMorgan Chase Bank dba Chase Automotive Finance; and Does 1 through 50,*

10  *inclusive,* Case No. 1-08-CV-111739.

11    2.    On May 27, 2008, plaintiff served Chase, through Chase's registered agent, with a

12  copy of the summons and complaint herein.  A true and correct copy of the summons and

13  complaint received by Chase is attached hereto as Exhibit A.  A true and correct copy of "all

14  [remaining] process, pleadings and orders served upon" Chase to date while this action was

15  pending in Santa Clara Superior Court is attached hereto as Exhibit B.  28 U.S.C. § 1446(a).

16    3.    The complaint asserts five state law claims for unfair business competition (Cal. Bus.

17  & Prof. Code § 17200 *et seq.*), breach of contract, violation of the Rees-Levering Automobile

18  Sales Finance Act (Cal. Civ. Code § 2981 *et seq.*), conversion, and declaratory relief relating to

19  the notices that Chase provides to defaulting borrowers following the repossession of their motor

20  vehicles ("post-repossession notices").  The complaint purports to bring a class action on behalf

21  of all persons who purchased a motor vehicle in California, who entered into a conditional sale

22  contract that was later assigned to Chase, whose vehicle was repossessed in California, and who

23  were issued post-repossession notices by Chase on or after May 2, 2004 that meet various criteria.

24  (Compl. ¶ 22.)

25  **TIMELINESS OF REMOVAL**

26    4.    This notice of removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)

27  because this notice is filed within thirty (30) days after service of the summons and complaint

28  upon Chase on May 27, 2008.

NOTICE OF REMOVAL
Case No.
sf-2533772

1

**BASIS FOR REMOVAL JURISDICTION**

5.    <u>Generally</u>.  This action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453.  This is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of Chase and the amount that plaintiff's allegations place in controversy exceeds $5,000,000 exclusive of interest and costs.

6.    <u>Covered Class Action</u>.  The Class Action Fairness Act defines a "civil action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  *See* 28 U.S.C. § 1332(d)(1)(B).  The present action is a "class action" for purposes of the Class Action Fairness Act.  Plaintiff brings her action individually and, pursuant to Cal. Civ. Proc. Code section 382, on behalf of a California class of all similarly situated persons whose conditional sale contracts for the purchase of a motor vehicle were assigned to Chase, and who received allegedly defective post-repossession notices from Chase after their vehicles were repossessed.  (Compl. ¶¶ 21-27 addressing numerosity, commonality, typicality, adequacy, and superiority requirements.)  Plaintiff alleges that the class consists of "at least hundreds of members."  (*Id.* ¶ 23.)

7.    <u>Diversity</u>.  The diversity requirement of section 1332(d), as amended by the Class Action Fairness Act, is satisfied when any member of a class of plaintiffs is a citizen of a State different from any defendant.  In a class action, only the citizenship of the named plaintiff matters for diversity of citizenship.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n.2 (9th Cir. 2001).  Complete diversity exists between the named plaintiff and Chase, as follows:

(a)    Defendant Chase is a national banking association organized under the laws of the United States of America.

(b)    Pursuant to 28 U.S.C. § 1348, as a national banking association, Chase is deemed a citizen of the State in which it is located.  Chase is located in the State of Ohio,

1          the State designated in its articles of association as its main office. *See Wachovia*

2          *Bank, N.A. v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941 (2006).

3    (c)    Plaintiff is alleged to be a resident of Santa Clara County, California. (Compl. ¶2.)

4    (d)    The citizenship of Defendants sued as "Doe" Defendants is disregarded for

5          purposes of removal. 28 U.S.C. § 1441(a).

6    8.   Matter in Controversy. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original

7 jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

8 $5,000,000 exclusive of interest and costs." As provided in 28 U.S.C. § 1332(d)(6), "[i]n any

9 class action, the claims of the individual class members shall be aggregated to determine whether

10 the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

11 costs."

12    9.   Plaintiff does not explicitly allege the value of the matter in controversy in her

13 complaint. Chase does not concede that it is liable to plaintiff or the purported class in any

14 amount, or at all. Indeed, Chase contends that plaintiff and the class she purports to represent are

15 entitled to recover nothing. However, a fair reading of the allegations of the complaint places

16 more than $5,000,000 "in controversy."

17    10.  The complaint asserts that the post-repossession notices that Chase sent to plaintiff

18 and members of the putative class were defective under purportedly applicable state law.

19 (Compl. ¶¶16-17.) It further alleges that, because Chase's post-repossession notices were

20 defective, Chase's subsequent assessment and collection from members of the putative class of

21 deficiency balances owing on their accounts is unlawful. (*Id.* ¶¶18-19.) The complaint seeks

22 declaratory and injunctive relief; restitution; disgorgement; compensatory, statutory, and punitive

23 damages; and attorney's fees, costs and expenses. (Compl. Prayer. & ¶55.)

24    11.  Thus, the complaint effectively seeks (i) the return of all amounts Chase collected

25 from its borrowers in California, since May 2004 through the present, following the sending of an

26 allegedly defective post-repossession notice, and (ii) a declaration that all outstanding,

27 uncollected deficiency balances owed by Chase borrowers in California to whom an allegedly

28 defective post-repossession notice was sent since May 2004 are invalid.

NOTICE OF REMOVAL
Case No.

sf-2533772

1     12.    Based on a review of its records, Chase has determined that the putative class of

2     plaintiffs in the action is comprised of several thousands of members. Based on its records,

3     Chase has further determined that the amount of deficiency payments it has collected from the

4     putative class exceeds $5,000,000. In addition, the amount of uncollected, outstanding deficiency

5     balances owed by the putative class separately and independently exceeds $5,000,000. Therefore,

6     the amount in controversy based solely on plaintiff's prayer for purported compensatory damages

7     and injunctive relief preventing Chase from collecting outstanding deficiency balances exceeds

8     the jurisdictional minimum of $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the

9     claims of the individual class members shall be aggregated to determine whether the matter in

10    controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

11    13.    In addition to the foregoing amount, the complaint prays for an award of punitive

12    damages and attorneys' fees and costs. (Compl. Prayer. & ¶55.) This requested relief further

13    demonstrates that the amount in controversy exceeds $5,000,000.

14    14.    No Class Action Fairness Act Exclusions Apply. This action does not fall within any

15    of the exclusions to the removal jurisdiction recognized by 28 U.S.C. § 1332(d).

16    (a)    28 U.S.C. § 1332(d)(3) provides circumstances under which the Court may decline

17            to exercise jurisdiction over a class action "in which greater than one-third but less

18            than two-thirds of the members of all proposed plaintiff classes in the aggregate

19            and the primary defendants are citizens of the State in which the action was

20            originally filed . . . ." Chase is not a citizen of California, so this exception does

21            not apply to this action.

22    (b)    28 U.S.C. § 1332(d)(4) provides circumstances under which the Court shall

23            decline to exercise jurisdiction over a class action. This section does not apply to

24            this action because all of the stated circumstances require that the defendant be a

25            citizen of the State in which the action was originally filed. 28 U.S.C. §§

26            1332(d)(4)(A)(II)(cc), 1332(d)(4)(B).

27    (c)    28 U.S.C. § 1332(d)(5) provides that the class action diversity provision does not

28            apply to any class action filed against a governmental entity or government

1    officials, or in which the proposed class includes less than 100 members. This

2    section does not apply to this action because Chase is the only defendant, plaintiff

3    estimates that there are more than 100 class members (Compl. ¶ 23), and a review

4    of Chase's records indicates that the putative class is comprised of several

5    thousands of members.

6    (d)    28 U.S.C. § 1332(d)(9), which provides that the class action diversity provision

7    shall not apply to any class action concerning securities or corporate governance

8    claims, does not apply to this case.

9    15.    For the reasons stated above, this Court has original jurisdiction over this action

10    pursuant to 28 U.S.C. § 1332(d)(2)(A), and this action is removable pursuant to 28 U.S.C. §

11    1441(b).

12    **NOTICE TO STATE COURT AND PLAINTIFF**

13    16.    Counsel for Chase certifies that pursuant to 28 U.S.C. § 1446(d), copies of this

14    Notice of Removal will be filed with the Clerk of the Superior Court of the State of California,

15    Santa Clara County, and served on plaintiff promptly.

16    Dated: June 26, 2008                    ROBERT S. STERN
                                             JAMES R. McGUIRE
17                                           SARAH E. GRISWOLD
                                             SYLVIA RIVERA
18                                           MORRISON & FOERSTER LLP

19

20                                    By:    _____
                                             JAMES R. McGUIRE
21
                                             Attorneys for Defendant
22                                           JPMORGAN CHASE BANK, N.A.,
                                             *Erroneously sued as*
23                                           JPMORGAN CHASE BANK dba
                                             CHASE AUTOMOTIVE FINANCE
24

25

26

27

28

# EXHIBIT A

FILE COPY

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
JPMORGAN CHASE BANK dba CHASE AUTOMOTIVE FINANCE; and
DOES 1 through 50, inclusive,

SCANNED

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**
ENDORSED

2008 MAY -2  A 4: 06

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:
_____ CLERK
Wendel

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MARIA I. IRIAS, individually, on behalf of the
general public, and on behalf of all others similarly
situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso): |
| SANTA CLARA COUNTY SUPERIOR COURT | 8 C V 1 1 1 7 3 9 |
| 191 N. First Street | |
| San Jose, CA  95113 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Bryan Kemnitzer    Bar No. 066401                    By Fax
KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
445 Bush St., 6th Floor          (415) 861-2265  (415) 861-3151
San Francisco, CA  94108

| DATE: | Kiri Torre | Clerk, by | , Deputy |
| (Fecha) MAY -2 2008 | Chief Executive Officer/Clerk (Secretario) | Wendel | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): JP Morgan Chase Bank dba Chase Automotive Finance

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [✓] by personal delivery on (date):

| | Page 1 of 1 |
| Form Adopted for Mandatory Use | |
| Judicial Council of California | |
| SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

**FILE COPY**

CIVIL LAWSUIT NOTICE

ATTACHMENT CV-5012

CASE NUMBER: _____

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

**1 0 8 C V 1 1 1 7 3 9**

> ### READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning:** If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.sccselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is:  _James Emerson_____  Department:  **19**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date:  **SEP 2 3 2008**  Time:  _1:30 PM_  in Department  **19**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____  Time: _____  in Department _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

FILE COPY

1    KEMNITZER, ANDERSON, BARRON & OGILVIE LLP
     BRYAN KEMNITZER          Bar No. 066401
2    NANCY BARRON             Bar No. 099278
     Pacific States Building
3    445 Bush St., 6th Floor
     San Francisco, CA 94108
4    Telephone: (415) 861-2265
     Facsimile: (415) 861-3151
5
6    TRUEBLOOD LAW FIRM
     ALEXANDER B. TRUEBLOOD    Bar No. 150897
7    10940 Wilshire Blvd., Ste. 1600
     Los Angeles, CA 90024
8    Telephone: (310) 443-4139
     Facsimile: (310) 234-4023
9

ENDORSED

2008 MAY -2 A 11: 06

10   Attorneys for Plaintiff Maria I. Irias

11

12

13

14

15              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                   IN AND FOR THE COUNTY OF SANTA CLARA

17   MARIA I. IRIAS, individually, on behalf of      Case No.   1 0 8 C V 1 1 1 7 3 9
     the general public, and on behalf of all others
18   similarly situated,                             CLASS ACTION

19                            Plaintiff,
                                                     COMPLAINT FOR UNFAIR BUSINESS
20   v.                                              COMPETITION, BUSINESS &
                                                     PROFESSIONS CODE §17200, ET SEQ.;
21   JPMORGAN CHASE BANK dba CHASE                   BREACH OF CONTRACT;
     AUTOMOTIVE FINANCE; and DOES 1                  VIOLATIONS OF THE REES-
22   through 50, inclusive,                          LEVERING AUTOMOBILE SALES
                                                     FINANCE ACT, CIVIL CODE §2981, ET
23                            Defendants.            SEQ.; CONVERSION; and
                                                     DECLARATORY RELIEF
24
                                                     Unlimited Civil Case
25

26

27        Plaintiff MARIA I. IRIAS (individually, on behalf of the general public, and on behalf of

28   all others similarly situated) hereby complains against Defendants JPMORGAN CHASE BANK

                                                    1
     Complaint for Unfair Business Competition, Breach of Contract, Violations of the Rees-Levering Automobile Sales Finance Act, Conversion, and
     Declaratory Relief

dba CHASE AUTOMOTIVE FINANCE (hereinafter "CHASE"), and DOES 1 through 50, and on information and belief, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this class action under the Unfair Competition Law (Business & Professions Code §17200 *et seq.*), the Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.* (hereinafter "Rees-Levering Act"), and other applicable laws, to challenge the unlawful, unfair and deceptive practices of defendant CHASE following repossession of motor vehicles from California consumers.  In particular, CHASE fails to provide borrowers under conditional sales contracts with statutorily-mandated notice of their legal rights and obligations after repossession of vehicles; wrongfully deprives consumers of their right to reinstate or redeem their conditional sales contracts after repossession; negligently and/or fraudulently misrepresents the rights and obligations of the parties following repossession; collects, or seeks to collect, deficiencies from borrowers following repossession for which borrowers are not liable as a matter of law; seeks and obtains deficiency judgments knowing that such judgments are unlawful; and unlawfully and falsely reports borrowers' deficiency balances to credit reporting agencies as past due debts when collection of said amounts is in fact unlawful.  Plaintiff seeks appropriate relief for herself, the class, and the general public, as well as attorneys' fees, costs and expenses.

## PARTIES

2.      Plaintiff MARIA I. IRIAS is an individual over the age of 18 years of age.  At all times relevant herein, plaintiff was, and currently is, a resident of the State of California, County of Santa Clara.

3.      Defendant CHASE is corporation, or other entity doing business in the State of California and in the County of Santa Clara.

2

Complaint for Unfair Business Competition, Breach of Contract, Violations of the Rees-Levering Automobile Sales Finance Act, Conversion, and Declaratory Relief

4.    Plaintiff is informed and believes and thereupon alleges that CHASE is the alter ego of its owner or owners and that there is insufficient separation of identity between the owner(s) and the entity, and that the owner(s) exercise control over the assets and conduct of the corporate entity, such that injustice would result to plaintiff in this matter if the corporate veil were to remain intact. Plaintiff is unaware of the identity of the owner(s) of CHASE at this time and will amend this complaint to allege their true identities when ascertained, up to and including the time of trial or execution of judgment.

5.    Defendants DOES 1 through 50 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged hereinbelow, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

6.    At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to Plaintiff and to members of the general public.

## OPERATIVE FACTS

### The Purchase and Repossession of The Vehicle

7.    On December 14, 2005, plaintiff purchased a new 2006 Mitsubishi Lancer ES from Capitol Mitsubishi, a car dealership, under a conditional sale contract. Capitol Mitsubishi arranged the financing for the purchase, and assigned the conditional sale contract to defendant CHASE. The conditional sale contract (a "Form Agreement") is regulated by the Rees-Levering

Automobile Sales Finance Act, and provided that the holder of the contract is subject to all claims and defense which the consumer could assert against the seller.

8.    In October 2007, CHASE repossessed Plaintiff's vehicle, and mailed a written notice to her on October 31, 2007, which stated that her vehicle had been repossessed and would be sold ("Statutory Notice #1," **Exhibit A**).  However, Plaintiff's Statutory Notice did not contain several of the disclosures mandated by Civil Code §2983.2(a)(1)-(a)(9).

9.    CHASE sold Plaintiff's vehicle, and assessed a deficiency balance against her. CHASE then falsely represented to Plaintiff that she owed a deficiency balance, when in fact she did not, because of CHASE's noncompliance with the Rees-Levering Act.

10.    Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of defendants challenged herein.

### Defective Post-Repossession Notices

11.    Plaintiff's right to a particularized notice after repossession is established by the provisions of the Rees-Levering Act.  The Rees-Levering Act regulates the repossession and disposition of motor vehicles financed under conditional sale contracts in California, and, among other provisions, imposes strict requirements upon holders of conditional sale contracts, such as defendants, following a repossession.

12.    In order to protect consumers' valuable property interests in financed vehicles, and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to redemption or reinstatement, the Rees-Levering Act requires the seller or holder of the contract to issue a detailed Statutory Notice to the buyer following repossession.  Civil Code §2983.2(a) specifies the precise information and disclosures that must be included in the Statutory Notice in order to comply with the law.  The notice must be sent within sixty (60) days of repossession. Civil Code §2983.2(a).  Among other disclosures, the notice must contain

language that:

    (a)   Sets forth that the consumer shall have a right to redeem the motor vehicle by paying in full the indebtedness on the contract until the expiration of 15 days from the date of giving or mailing of the notice, and provides an itemization of the contract balance and of any delinquency, collection or repossession costs and fees, and sets forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice; and

    (b)   States that there is a conditional right to reinstate, and all the conditions precedent thereto.

    (c)   Provides a proper form for applying for an extension of the reinstatement and redemption periods, with instructions that it must be sent to a person or office and address designated by the seller or holder;

    (d)   Discloses the place at which the motor vehicle will be returned to the borrower upon redemption or reinstatement;

    (e)   Advises the borrower of the person or office and address to send in the borrower's request for a written accounting.

Civil Code §§2983.2(a)(1), (a)(2), (a)(3), (a)(4) and (a)(7)

13.    Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder may not lawfully collect <u>any</u> deficiency from <u>any</u> person liable under a Form Agreement following disposition of the repossessed vehicle. The Rees-Levering Act specifically provides that those persons "shall be liable for any deficiency <u>only if</u> the notice prescribed" contains "<u>all</u>" of the disclosures mandated by the statute. Civil Code §2982.2(a) (emphasis added)

14.    The Rees-Levering Act further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a Form Agreement after the repossession and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act. Civil Code §2983.8

15.    The Form Agreement executed by Plaintiff also contains a contractual promise and representation that the holder will not dispose of the financed vehicle after a repossession without first giving the borrower the notice "provided by law." As a result of this provision, defendants contractually agreed to issue the Statutory Notice complying with the law in effect at the time of any repossession.

16.    CHASE did not issue the Statutory Notice provided by the law in effect at the time when Plaintiffs and other class members' vehicles were repossessed. The Statutory Notice, which CHASE issued to Plaintiff, which form notices CHASE has been issuing to other borrowers for at least four years preceding the filing of the complaint in this matter, was materially defective in that:

(a)    It failed to itemize in the redemption amount those storage fees and additional interest and late fees coming due during the redemption period, instead stating that these were "subject to change," in violation of Civil Code § 2983.2(a)(1);

(b)    It did not disclose all conditions precedent to reinstatement, providing that "Additional storage fees may accrue over time" without disclosing the daily accrual rate or method of calculation for such storage fees, nor to whom they should be paid, in violation of Civil Code § 2983.2(a)(2);

(c)    It did not disclose all conditions precedent to reinstatement, by failing to disclose those additional payments coming due during the reinstatement period, and the due dates and late fees thereon, in violation of Civil Code § 2983.2(a)(2);

(d)    It did not disclose all conditions precedent to reinstatement, by failing to disclose the requirement of paying a $15 government fee to a local law enforcement agency, including the name and address of the agency, in violation of Civil Code § 2983.2(a)(2);

(e)    The form for extending the reinstatement/redemption period failed to specify the precise address to which to send the form, instructing instead to send it "to the address above," when there were two different addresses above, in violation of Civil Code § 2983.2(a)(3);

(f)    It failed to disclose the place where the vehicle would be returned upon redemption or reinstatement by (a) disclosing the wrong place, and (b) stating that "The location of the motor vehicle may change during the

6

applicable reinstatement or redemption period.  Please contact us for the exact location of the vehicle. . .", all in violation of Civil Code § 2983.2(a)(4);

(g)    It failed to disclose the specific address to send the consumer's written request for an accounting, by instructing to send it "to the address above," when there were two different addresses above, in violation of Civil Code § 2983.2(a)(7); and

(h)    It overstated the actual contract balance, in violation of Civil Code § 2983.2(a)(1).

17.    The defective and improper Statutory Notices issued to Plaintiff purportedly pursuant to Civil Code §2983.2, which deprived her of a statutorily-mandated notice, are standard notices sent by Defendant CHASE as a practice and procedure common to all persons who are liable to it under conditional sale contracts and whose vehicles are repossessed.

18.    CHASE regularly collects deficiencies from, and obtains deficiency judgments against members of the general public in various courts of law in violation of the Rees-Levering Act, which prohibit defendants from collecting any deficiency or obtaining any deficiency judgment by virtue of their defective form notices.  Plaintiff is informed and believes and thereon alleges that CHASE has obtained and continues to obtain such judgments as a regular and uniform business practice, by suing consumers and then submitting false and/or misleading affidavits in court, which represent that defendants have fully complied with the Rees-Levering Act, when in fact they have not.

19.    CHASE and/or its agents, following repossession and sale of vehicles, negligently and/or fraudulently misrepresent to them that they are liable for deficiency balances remaining after disposition of the vehicles, when, in fact, it knows or should known that as a result of its failure to comply with the provisions of the Rees-Levering Act, they are not liable for, and could not be liable for, said deficiencies or any part of them.

20.    Plaintiff is informed and believes and thereon alleges that defendants and/or their

Complaint for Unfair Business Competition, Breach of Contract, Violations of the Rees-Levering Automobile Sales Finance Act, Conversion, and Declaratory Relief

agents regularly report or communicate to consumer credit reporting organizations that purported

deficiencies following disposition of vehicles pursuant to the unlawful practices described herein

are valid debts when, in fact, plaintiff and other similarly situated persons are not liable for said

deficiencies as a matter of law. At all relevant times defendants have had actual and constructive

knowledge that such persons are not liable for said deficiencies.

## CLASS ACTION ALLEGATIONS

21.    Pursuant to California Code of Civil Procedure §382, Plaintiff brings this class

action on behalf of herself and all other persons similarly situated. Plaintiff brings this action in

a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business

practices alleged herein, and to seek redress on behalf of all those persons who have been

affected thereby.

22.    The proposed class is comprised of all persons who purchased a motor vehicle in

California, and entered into a Form Agreement with any person or entity, which contract was

later assigned to CHASE, whose vehicle was repossessed in California, and who on or after May

2, 2004, were issued a Statutory Notice by CHASE which:

    (a)    failed to identify the government agency to whom fees were owed, the
amount of the fee, or the government agency's payment address for the fee;
or

    (b)    failed to identify any amounts coming due during the reinstatement period,
or when they would become due, or any late fees or other fees associated
with those amounts coming due; or

    (c)    overstated the redemption amount by reason of failure to credit the account
with unearned warranty or service contract or insurance charges; or

    (d)    failed to itemize in the redemption amount those storage fees and
additional interest and late fees coming due during the redemption period;
or

    (e)    failed to disclose the precise amount of storage fees which would be added
to the reinstatement amount, or a method of calculating such fees on a
daily basis, and the address to where the storage fees had to be paid; or

8

(f)    failed to specify the precise address to which to send the form requesting a ten day extension of the redemption/reinstatement period; or

(g)    failed to disclose the actual place where the vehicle would be returned upon redemption or reinstatement; or

(h)    failed to disclose the precise address to send the consumer's written request for an accounting.

23.    Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of CHASE. It consists of at least hundreds of members, and is so numerous that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of CHASE.

24.    There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members. Proof of a common set of facts will establish the liability of defendants, and the right of each member of the class to recover.

25.    The common questions which predominate include, *inter alia*, whether CHASE failed to provide to individuals whose motor vehicles were repossessed a Statutory Notice containing all of the disclosures required by the Rees-Levering Act; whether such conduct constituted a breach of contract; whether defendants committed conversion; whether defendants collected, or have attempted to collect, deficiency balances from members of the proposed classes that they had no legal right to obtain or attempt to collect; whether defendants negligently and/or fraudulently misrepresented to borrowers that they were liable for deficiency balances when there was no obligation to pay such amounts, and falsely reported deficiencies as valid debts to credit reporting organizations; and whether defendants have, through false or misleading representations to the courts of this State obtained judgments in violation of Civil Code §2983.8.

26.    Plaintiff's claims are typical of those of the class she represents, and she will fairly and adequately represent the interests of the class. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

27.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendants, and would establish incompatible standards of conduct.

28.    The claims asserted by plaintiff will be governed by the laws of the State of California and the injuries resulting from CHASE's conduct were incurred in California.

## FIRST CAUSE OF ACTION
### (Violations of Business and Professions Code §17200, et seq.)
(By Plaintiff individually and on Behalf of the Class against All Defendants)

29.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

30.    Plaintiff files this cause of action individually, and on behalf of the general public and as a class action, to challenge and to remedy CHASE's business practices. Business and Professions Code §17200, et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

31.    Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have

Complaint for Unfair Business Competition, Breach of Contract, Violations of the Rees-Levering Automobile Sales Finance Act, Conversion, and Declaratory Relief

1   committed acts of unfair competition proscribed by the UCL, including the practices alleged

2   herein. The acts of unfair competition include the following:

3       (a)     CHASE violated the provisions of Civil Code §2983.2(a) with respect to members

4   of the class by failing to send them Statutory Notices that contained the disclosures

5   mandated by that section;

6

7       (b)     CHASE breached the terms of their uniform conditional sales contracts with class

8   members by breaking their twin promises in the Form Agreements to (1)"provide you all

9   notices required by law to tell you when and how much to pay and/or what action you

10  must take to redeem the vehicle", and (2)"If you break your promises (default), we may

11  demand that you pay all you owe on this contract at once, subject to any right the law

12  gives you to reinstate this contract."

13

14      (c)     CHASE negligently misrepresent orally to members of the class issued defective

15  Statutory Notices that they are obligated to pay deficiency balances;

16      (d)     CHASE fraudulently misrepresent orally to members of the class issued defective

17  Statutory Notices that they are obligated to pay deficiency balances;

18      (e)     CHASE negligently misrepresent in writing to members of the class sent

19  defective Statutory Notices that they are obligated to pay deficiency balances;

20

21      (f)     CHASE fraudulently misrepresent in writing to members of the class sent

22  defective Statutory Notices that they are obligated to pay deficiency balances;

23      (g)     CHASE actively conceal their unlawful activity from members of the class sent

24  defective Statutory Notices;

25      (h)     CHASE unlawfully, unfairly and/or fraudulently carry on their account records

26  deficiency balances of members of the class issued defective Statutory Notices as

27  amounts lawfully due and owing;

28

(i)   CHASE unlawfully, unfairly and/or fraudulently report to credit reporting agencies the deficiency balances allegedly owed by members of the class issued defective Statutory Notices as amounts lawfully due and owing;

(j)   CHASE unlawfully, unfairly and/or fraudulently report to other third parties deficiency balances allegedly owed by members of the class issued defective Statutory Notices as amounts lawfully due and owing;

(k)   CHASE unlawfully, unfairly and/or fraudulently collect deficiency balances from members of the class sent defective Statutory Notices;

(l)   CHASE unlawfully, unfairly and/or fraudulently file lawsuits against members of the class issued defective Statutory Notices in order to collect deficiency balances; and

(m)   CHASE unlawfully, unfairly and/or fraudulently misrepresent their compliance with the provisions of Civil Code § 2983.2 to courts throughout the State of California and conceal their violations of the law.

32.   The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, and constitute systematic breaches of contracts and constitute violations of the common law.

33.   The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.   Said acts and practices have no utility that outweighs their substantial harm to consumers.

34.   The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and

Complaint for Unfair Business Competition, Breach of Contract, Violations of the Rees-Levering Automobile Sales Finance Act, Conversion, and Declaratory Relief

affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

35.     The unlawful, unfair and fraudulent business acts and practices of defendants described herein present a continuing threat to plaintiff, members of the general public, and the class in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

36.     As a direct and proximate result of the acts and practices described herein, defendants have received and collected substantial monies or property from plaintiff, members of the general public, and class members that they are not entitled to. Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of defendants challenged herein.

37.     Pursuant to Business and Professions Code §17203, Plaintiff seeks an order enjoining defendants from engaging in such acts and practices as hereinabove alleged, and providing appropriate restitution to plaintiff, members of the general public, and members of the class and subclass.

38.     In addition, pursuant to Code of Civil Procedure §1021.5, plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Breach of Contract)
(By Plaintiff individually and on Behalf of the Class against All defendants)

39.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

40.     The purchase contracts signed by Plaintiff and members of the proposed class with CHASE's assignors are pre-printed form contracts that, except for the financial terms of

each individual deal, contain substantially identical terms and provisions.

41.    Each such purchase contract between members of the proposed class and defendants promises on behalf of defendants: "We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle." defendants breached this promise when they failed to provide plaintiff and members of the proposed class with legal notices that contained the statutorily-mandated disclosures and information required by Civil Code §2983.2(a).

42.    Each such purchase contract between members of the proposed class and defendants further promises on behalf of defendants: "If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract." Defendants breached this promise when they failed to provide plaintiff and members of the proposed class with legal notices that contained the statutorily-mandated disclosures and information required by Civil Code §2983.2(a).

43.    As a direct and proximate result of the acts hereinabove alleged and defendants' ongoing unlawful conduct, Plaintiff and the class have been damaged, and have suffered economic losses in an amount to be proven at trial.

44.    Plaintiff seeks recovery of her attorneys' fees, costs and expenses incurred in the filing and prosecution of this action pursuant to Civil Code §2983.4, the form contracts, and Civil Code §1717.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981, *et seq.*)**
**(By Plaintiff individually and on Behalf of the Class against All Defendants)**

45.    Plaintiff realleges and incorporates herein by reference the allegation in each and every paragraph above.

46.    As is hereinabove alleged, the Rees-Levering Act regulates automobile sale and financing transactions for motor vehicles purchased primarily for personal or family purposes. The conditional sale contract entered into by Plaintiff is subject to and governed by the provisions of the Rees-Levering Act. Defendants are or were a "seller" or "holder" of said contracts as those terms are used in the statute.

47.    As is hereinabove alleged, defendants have engaged and are engaged in ongoing material violations of the Rees-Levering Act in that the Statutory Notices provided to Plaintiff and the class, ostensibly pursuant to Civil Code §2983.2(a), did not contain the statutorily-mandated disclosures and information required by Civil Code §§2983.2(a). Defendants thus deprived Plaintiff and the class of substantial rights granted them under the Rees-Levering Act, including the right to make an informed decision about whether to redeem/reinstate their contracts. In addition, because defendants have failed to provide Plaintiff and the class with all of the information and disclosures to which they were entitled under Civil Code §2983.2(a), Plaintiff and the class are not liable, under the explicit terms of §§2983.2(a) and 2983.8 of the Rees-Levering Act, for any deficiency following the disposition of their repossessed motor vehicles. Nevertheless, without any legal right to do so, defendants maintain that Plaintiff and the class owe them for deficiency balances.

48.    As is hereinabove alleged, defendants have engaged and are engaged in ongoing material violations of the Rees-Levering Act in that defendants improperly denied Plaintiff and the class of their right to redeem their contracts, in violation of Civil Code §2983.2(a) and §2983.3(b).

49.    As a direct and proximate result of the acts hereinabove alleged and defendants' ongoing unlawful conduct, Plaintiff and the class have been damaged in an amount to be proven at trial.

50.     Plaintiff seeks recovery of her attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
#### (Conversion)
(By Plaintiff individually and on behalf of the Class against All Defendants)

51.     Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

52.     Plaintiff and the class were entitled to immediate possession of their vehicles by paying the proper redemption or reinstatement amount to defendants, pursuant to their rights under the Rees-Levering Act.

53.     After the repossessions, defendants wrongfully deprived Plaintiff and the class of possession of their vehicles by failing to properly disclose their right to redeem/reinstatement the conditional sales contracts in the language required by Civil Code §2983.2(a).  This omission, and defendant's premature acceleration of the contract balances, violated Civil Code §§2983.2(a), and 2983.3(b) and (c).

54.     Plaintiff and the class have suffered and are entitled to recover damages for defendants' conversion of their property.

55.     CHASE acted with malice, oppression, and/or fraud toward Plaintiff and the class, within the meaning of Civil Code §3294, thereby entitling them to an award of punitive damages.

56.     CHASE's corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted toward Plaintiff and the class with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the

16

wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
#### (Declaratory Relief)
(By Plaintiff individually and on behalf of the Class against All Defendants)

57.    Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

58.    An actual controversy has arisen between Plaintiff and the members of the proposed class, on the one hand, and defendants on the other hand, as to their respective rights, remedies and obligations.  Specifically, Plaintiff alleges that the acts and practices of defendants as hereinabove alleged are unlawful, unfair, and fraudulent, and that Plaintiff and members of the class are therefore not liable for any deficiency balances following disposition of their repossessed motor vehicles, and are entitled to restitution for any and all amounts paid on such deficiencies, and any other such amounts of restitution or damages as the court may order.

59.    Plaintiff further contends that defendants have been unjustly enriched at the expense and to the detriment of class members by collecting monies to which they are not entitled and have wrongfully collected.

60.    Defendants dispute all of Plaintiff's contentions and contend to the contrary. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    For an order finding and declaring that defendants' acts and practices as challenged herein are unlawful, unfair and fraudulent;

2.    For an order preliminarily and permanently enjoining defendants from engaging in the practices challenged herein;

3.    For an order of restitution and/or disgorgement in an amount to be determined at trial;

4.    For an accounting;

5.    For compensatory damages according to proof;

6.    For statutory damages;

7.    For exemplary damages;

8.    For pre-judgment interest to the extent permitted by law;

9.    For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action under any applicable provision of law or contract;

10.   For declaratory relief; and

11.   For such other and further relief as the Court may deem just and proper.

Dated: April 30, 2008

KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP

TRUEBLOOD LAW FIRM

By: _____

BRYAN KEMNITZER

18



Chase Automotive Finance
P.O. Box 31167
Tampa, Florida 33631-3167

## NOTICE OF REPOSSESSION AND INTENT TO SELL

October 31, 2007

Maria I Irias
PO Box 9712
San Jose, CA 95157

CREDITOR: JP Morgan Chase Bank, N.A.
RE: Account No. 00528390160543

Dear Maria I Irias:

The 2006 Mitsubishi Serial Number JA3AJ26E86U 003891 which Chase Manhattan Bank USA, N.A. is financing for you has been repossessed or voluntarily surrendered. You have the right to redeem this motor vehicle until the expiration of twenty (20) days after the giving or mailing of this notice, by payment in full of the unpaid indebtedness evidenced by your contract including, any delinquency, collection, or repossession costs and fees. The amount required to redeem the vehicle is as follows:

| | | | |
|---|---|---|---|
| Remaining contract Balance | | | $13,862.23 |
| Unpaid delinquency charges | + | | $ 48.83 |
| Collection, repossession expenses and storage | + | | $415.00 |
| | | Subtotal | $ 14,326.06 |
| Less estimated credit if unearned finance charges | - | | $ 0.00 |
| Less estimated credit, if any, for canceled insurance | - | | $ 0.00 |
| | | Total* | $ 14,326.06 |

*This amount, which is subject to change as additional payments become due and storage charges and interest accrue, must be paid prior to the sale.

Payments may be made to:      Chase Automotive Finance
4900 Memorial Drive
FS3- 2nd Floor
Tampa, FL 33634
ATTN: Redemption Coordinator

Any personal property present in the collateral at the time of repossession is being held in storage for you and must be claimed within twenty (20) days.

CA RTL                              EXHIBIT    A

PAGE 2

Unless the box below is checked, you also have a conditional right to reinstate your contract within twenty (20) days after the giving or mailing of this notice by:

1. Paying the Creditor, /$ 1437.61/ which includes the amount of all payments in default, plus any accrued delinquency charges and the amount of collection, repossession and storage* fees incurred by the Creditor.

*Additional storage charges may accrue over time.

2. Other:

_____

// If this box is checked, you have no right to reinstate your contract for the following reason(s):

   // Intentionally false or misleading information of material importance on credit application provided.
   // The motor vehicle was concealed or removed from the state to avoid repossession.
   // Acts of destruction were committed or threatened against the motor vehicle, or the motor vehicle has been substantially impaired in value due to failure to take care of the motor vehicle in a reasonable manner.
   // Criminal acts of violence or bodily harm committed, attempted or threatened against our agent, employee or officer in connection with repossession of the motor vehicle.
   // The motor vehicle was used in the commission of a crime that resulted in its seizure by a federal, state or local public agency or authority.
   // The motor vehicle was seized by a federal, state, or local public agency or authority.
   // There is a right to reinstate the contract once in any twelve (12) month period and the contract has been reinstated once within the last twelve (12) months.
   // There is a right to reinstate the contract twice during the term of the contract and the contract has already been reinstated twice.

Upon written request, we will extend the redemption period, and, if applicable, the reinstatement period, for an additional ten (10) days.
Use the enclosed form if you wish to extend these periods. If we receive your written request to extend within twenty (20) days after the giving or mailing of this notice, we will, without further notice, extend these periods accordingly.
Upon redemption, or, if applicable, reinstatement of your contract, the motor vehicle will be returned to you at

**DIGITAL DOG RECOVERY FREM**
**5660 BOSCELL COMMON**
**Fremont, CA 94538**
**Phone (916) 235-5265**

The location of the vehicle may change during the applicable reinstatement or redemption period. Please contact us for the exact location of the vehicle at the time of redemption or reinstatement.
You are also hereby notified that the Creditor intends to offer the motor vehicle for sale upon the expiration of twenty (20) days after the date of the giving or mailing of this notice. If we have

CA RTL

Page 3

received your written request to extend the redemption and reinstatement periods, as provided above, we will, without further notice, extend the time for sale by ten (10) days.

You may request a written accounting regarding the disposition of the motor vehicle. This request must be made in writing within one year after disposition of the motor vehicle, and either personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to the Creditor's address shown above. The written accounting will be provided within 45 days after your written request.

Upon the disposition of the motor vehicle, you will be liable for the deficiency balance plus interest at the contract rate, or at the legal rate of interest if there is no contractual rate of interest, from the date of disposition of the motor vehicle to the date of entry of judgment. We urge you to act promptly if you wish to redeem, reinstate your contract, or extend the period for redemption or reinstatement. For further information, call us at the telephone number listed below.

Signed by

*Redemption Department*
Redemption Coordinator
(888) 895-1728

CA


NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.

CA RTL

PAGE 4

**REINSTATEMENT EXTENSION REQUEST**

October 31, 2007


FROM:        Name  Maria I Irias

             Account No.  00528390160543


TO:          Chase Auto Finance
             4900 Memorial Drive
             FS1- 2nd Floor..
             Tampa, FL 33631

             ATTN:  Redemption Coordinator
                    1-888-895-1728


I hereby request an extension of the period for redeeming my repossessed motor vehicle and, if applicable, the period for reinstating my contract.




                                              Signature




                                              Date


**Instructions:**  This form must be personally delivered to us at the above address, or sent by certified or registered mail, return receipt requested.  The period for redemption and, if applicable, reinstatement, will be extended only if we receive this form before November 22, 2007.


CA RTL

PAGE 5

# CHASE ⬡

Chase Automotive Finance
P.O. Box 31167
Tampa, Florida 33631-3167

## NOTICE OF OUR PLAN TO SELL PROPERTY

October 31, 2007

Maria I Irias
PO Box 9712
San Jose, CA 95157

CREDITOR: JP Morgan Chase Bank, N.A.
Subject:   Account No. 00528390160543
            Retail Installment Contract dated December 14, 2005.

We have your 2006 Mitsubishi JA3AJ26E86U 003891 (the "Vehicle"), because you broke promises in our agreement.

We will sell the Vehicle at private sale sometime on or after November 22, 2007 .

The money that we get from the sale (after paying our costs) will reduce the amounts you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at the telephone number provided below.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number provided below and request a written explanation.

If you need more information about the sale call us at (888) 895-1728.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement: Lourdes A Irias.

The purpose of this letter is to assist us in collecting a consumer debt and any information obtained will be used for that purpose. Your immediate attention to this matter is anticipated.

Sincerely,
*Redemption*
*Department*
Redemption Coordinator
(888) 895-1728

CA RTL

# EXHIBIT B

FILE COPY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

<   **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

<   **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

<   **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

<   **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

<   **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

<   **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

<   Mediation may be appropriate when:
    <   The parties want a non-adversary procedure
    <   The parties have a continuing business or personal relationship
    <   Communication problems are interfering with a resolution
    <   There is an emotional element involved
    <   The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

< Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract.
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court        Santa Clara County DRPA Coordinator
ADR Administrator                        408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS Maria I. Irias | DEFENDANTS JPMorgan Chase Bank, N.A. |
|---|---|
| (b) County of Residence of First Listed Plaintiff: County of Santa Clara, CA (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant: County of Franklin, OH (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorneys (Firm Name, Address, and Telephone Number) (see attachment) | Attorneys (If Known) (see attachment) |

E-FILING

JW

C08 03099 RS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Violation of Cal. Bus. & Prof. Code § 17200, et seq., breach of contract, violations of the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code § 2981, et seq., conversion, and declaratory relief.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". None.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   [ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE
June 26, 2008

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc. www.FormsWorkflow.com

# Attachment

**I.**   **(c)**   Attorneys (Firm Name, Address, and Telephone Number)

Plaintiff's Attorneys

Bryan Kemnitzer (SBN 66401)
Nancy Barron (SBN 99278)
Kemnitzer, Anderson,
    Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
(415) 861-2265

Alexander B. Trueblood (SBN 150897)
Trueblood Law Firm
940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
(310) 443-4139

Defendant's Attorneys

James R. McGuire (SBN 189275)
Sarah E. Griswold (SBN 240326)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Robert S. Stern (SBN 68240)
Sylvia Rivera (SBN 223203)
Morrison & Foerster LLP
555 West Fifth Street
Los Angeles, CA 90013-1024
(213) 892-5200