| | |
|---|---|
| 1 | JAMES R. MCGUIRE (BAR NO. 189275) |
|   | JMcGuire@mofo.com |
| 2 | SARAH E. GRISWOLD (BAR NO. 240326) |
|   | SGriswold@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 4 | San Francisco, California 94105-2482 |
|   | Telephone:   415.268.7000 |
| 5 | Facsimile:   415.268.7522 |
| 6 | ROBERT S. STERN (BAR NO. 68240) |
|   | RStern@mofo.com |
| 7 | SYLVIA RIVERA (BAR NO. 223203) |
|   | SRivera@mofo.com |
| 8 | MORRISON & FOERSTER LLP |
|   | 555 West Fifth Street |
| 9 | Los Angeles, CA 90013-1024 |
|   | Telephone:   213.892.5200 |
| 10 | Facsimile:   213.892.5454 |
| 11 | Attorneys for Defendant |
|   | JPMORGAN CHASE BANK, N.A., |
| 12 | *Erroneously sued as* |
|   | JPMORGAN CHASE BANK dba CHASE |
| 13 | AUTOMOTIVE FINANCE |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA I. IRIAS, individually, on behalf of the general public, and on behalf of all others similarly situated, | Case No.   08-CV-3099 JW |
| | [CLASS ACTION] |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT** |
| v. | |
| JPMORGAN CHASE BANK dba CHASE AUTOMOTIVE FINANCE; and DOES 1 through 50, inclusive, | |
| | Hearing Date: October 27, 2008 |
| | Time: 9:00 a.m. |
| Defendants. | Place: Courtroom 8 |
| | Honorable James Ware |

[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Case No. 08-CV-3099 JW
la-985921

Defendant JPMorgan Chase Bank N.A.'s ("Chase") motion to dismiss the Complaint filed by Plaintiff Maria I. Irias came on regularly for hearing before this Court on October 27, 2008. All parties were represented by counsel. After consideration of all papers and briefs submitted, the arguments of counsel, and all other matters presented to the Court, the Court hereby GRANTS the motion to dismiss the Complaint in its entirety and WITH PREJUDICE. Chase's Request for Judicial Notice is also GRANTED.

Plaintiff's Complaint asserts five causes of action: violation of California's Rees-Levering Motor Vehicle Sales and Finance Act ("Rees-Levering"), Cal. Civ. Code § 2981 *et seq.*, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, breach of contract, conversion, and asserts a claim for declaratory relief. However, each of her claims fails to state facts sufficient to constitute a valid cause of action for the following reasons:

1. All of the claims asserted in the Complaint are preempted by federal law. Each cause of action relies on the application of Rees-Levering to Chase's federally-authorized lending operations. Chase is a national banking association organized and operating under the National Bank Act, 12 U.S.C. § 21 *et seq.*, and, thus, is subject to primary oversight by the Office of the Comptroller of the Currency ("OCC"). The National Bank Act and OCC regulations preclude the application to national banks, such as Chase, of state laws that: interfere with the terms of credit between a creditor and borrower; limit the creditor's interest in security property; or require the inclusion of specific notices and disclosures in credit-related documents. 12 C.F.R. § 7.4008(d)(2)(iv), (vi), and (viii). Plaintiff's attempt to require Chase to comply with Rees-Levering's post-repossession notice requirements violates these provisions by purporting to eliminate Chase's right to obtain a deficiency judgment for monies it is owed following the sale of lawfully repossessed collateral absent strict adherence to the statute's notice requirements. Accordingly, Plaintiff's claims are preempted.[1] No amendment to the Complaint can overcome this bar.

---

[1] *See Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1036-37 (9th Cir. 2008) (holding that California state law requiring specific disclosures on bank's "convenience checks" were preempted by National Bank Act and section 7.4008 of OCC regulations); *Abel v. KeyBank USA, N.A.*, 313 F. Supp. 2d 720, 727-28 (N.D. Ohio 2004) (holding that National Bank Act and section

(Footnote continues on next page.)

[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Case No. 08-CV-3099 JW
la-985921

1

1          2.      Plaintiff's cause of action for violation of the UCL also fails to state a valid claim for the additional reason that the allegations of the Complaint fail to establish that she has standing to maintain a UCL claim.

4          3.      Plaintiff cannot maintain a "cause of action" for violation of Rees-Levering for the independent reason that California law recognizes no such cause of action and, even if such a claim were cognizable under California law, the Complaint does not allege any damages resulting from such violation.

8          4.      Plaintiff's cause of action for conversion fails to state a claim for the separate and additional reason that she does not allege that Chase refused a demand to return the vehicle to her.

10         5.      Plaintiff's cause of action for declaratory relief also fails because it is too speculative.  Plaintiff fails to allege that she will suffer an impending injury as a result of the practices that she challenges.  Instead, she seeks relief only for alleged past conduct, which cannot support a claim for declaratory relief.

14         6.      Finally, all of the claims asserted in the Complaint are based on Chase's notices of intent to dispose of repossessed vehicles, its subsequent pre-litigation demands for payment of the deficiency balances, and its filing and prosecution of lawsuits for deficiency judgments against some members of the putative class.  That is communication and communicative conduct undertaken in anticipation of or during litigation that is absolutely protected pursuant to the "litigation privilege" of section 47(b) of the California Civil Code.  *See Rubin v. Green*, 4 Cal. 4th 1187, 1195 (1993); *Aronson v. Kinsella*, 58 Cal. App. 4th 254, 266 (1997); *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 169 (1999).  All of Plaintiff's claims are thus barred as a matter of law.

---

(Footnote continued from previous page.)

7.4008 preempted certain provisions of state law that restricted a bank's ability to collect on outstanding loans).

[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Case No. 08-CV-3099 JW
la-985921

2

1    Accordingly, Chase's motion to dismiss Plaintiff's Complaint is GRANTED WITH
2 PREJUDICE.

4    IT IS SO ORDERED.

Dated: _____    _____
                                                Hon. James Ware
                                                United States District Court Judge

Respectfully submitted this 10th day of July, 2008 by:

MORRISON & FOERSTER LLP

By:   /s/ James R. McGuire
        James R. McGuire

    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.,
    *Erroneously sued as*
    JPMORGAN CHASE BANK dba
    CHASE AUTOMOTIVE FINANCE

[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Case No. 08-CV-3099 JW
la-985921

3