JAMES R. MCGUIRE (BAR NO. 189275)
JMcGuire@mofo.com
SARAH E. GRISWOLD (BAR NO. 240326)
SGriswold@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

ROBERT S. STERN (BAR NO. 68240)
RStern@mofo.com
SYLVIA RIVERA (BAR NO. 223203)
SRivera@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, CA 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.,
*Erroneously sued as*
JPMORGAN CHASE BANK dba CHASE
AUTOMOTIVE FINANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA I. IRIAS, individually, on behalf of the general public, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK dba CHASE AUTOMOTIVE FINANCE; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 08-CV-3099 JW<br><br>[CLASS ACTION]<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[Fed. R. Civ. P. 12(f)]**<br><br>[FILED CONCURRENTLY WITH MOTION TO DISMISS]<br><br>Hearing Date: October 27, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8<br><br>Honorable James Ware |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................... ii

NOTICE OF MOTION AND MOTION ......................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 3

INTRODUCTION ........................................................................................................................... 3

FACTUAL ALLEGATIONS .......................................................................................................... 3

ARGUMENT ................................................................................................................................... 4

I. THE COURT SHOULD STRIKE ALLEGATIONS INTENDED TO NULLIFY PRIOR DEFICIENCY JUDGMENTS OBTAINED BY CHASE ................................... 4

    A. Judgments Are Res Judicata and Cannot Be Invalidated By Collateral Attack ........................................................................................................................ 5

    B. Res Judicata Bars the Relitigation of Controversies Previously Litigated to a Final Deficiency Judgment in Chase's Favor .......................................................... 6

    C. Collateral Estoppel Bars the Relitigation of Issues that Were Adjudicated In Chase's Actions for Deficiency Judgments ........................................................... 7

    D. Plaintiff Has Asserted No Valid Ground for Collaterally Attacking the Prior Judgments .................................................................................................................. 8

II. THE COURT SHOULD STRIKE ALLEGATIONS RELATING TO CHASE'S EFFORTS TO OBTAIN DEFICIENCY JUDGMENTS BECAUSE THEY ARE BARRED BY THE LITIGATION PRIVILEGE ............................................................. 10

    A. California Civil Code Section 47(b)(2) Creates an Absolute Privilege for Communications Made During Litigation ............................................................... 10

    B. Chase's Actions for Deficiency Judgments Are Absolutely Privileged and Cannot Form the Basis of Any Claim ...................................................................... 11

CONCLUSION ............................................................................................................................. 12

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Armstrong v. Armstrong*,
   15 Cal. 3d 942 (1976) .................................................................................................... 7

*Barnett v. American-Cal Med. Servs.*,
   156 Cal. App. 3d 260 (1984) .......................................................................................... 6

*Border Bus. Park, Inc. v. City of San Diego*,
   142 Cal. App. 4th 1538 (2006) ................................................................................... 4, 6

*Cargill Inc. v. Progressive Dairy Solutions, Inc.*,
   No. CV-F-07-0349, 2008 U.S. Dist. LEXIS 46972 (E.D. Cal. May 29, 2008) ............. 8

*City of Santa Paula v. Narula*,
   114 Cal. App. 4th 485 (2003) ............................................................................. 3, 4, 6, 7

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993),
   *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. (1994) ............................ 2, 3

*Henrichs v. Valley View Dev.*,
   474 F.3d 609 (9th Cir. 2007) ....................................................................................... 3, 4

*In re David H.*,
   33 Cal. App. 4th 368 (1995) ........................................................................................... 7

*Justice v. Scully*,
   No. CIV S-04-0684, 2008 U.S. Dist. LEXIS 2076 (E.D. Cal. Jan. 2, 2008) ................. 4

*Kashian v. Harriman*,
   98 Cal. App. 4th 892 (2002) ........................................................................................... 8

*MGM Grand Hotel, Inc. v. Imperial Glass Co.*,
   533 F.2d 486 (9th Cir. 1976) .......................................................................................... 3

*Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees and Rest.
   Employees Union*,
   215 F.3d 923 (9th Cir. 2000) ...................................................................................... 4, 5

*Morales v. Coop. of Am. Physicians, Inc.*,
   180 F.3d 1060 (9th Cir. 1999) ........................................................................................ 9

*Mycogen Corp. v. Monsanto Co.*,
   28 Cal. 4th 888 (2002) .................................................................................................... 3

*Pollock v. Univ. of Southern California*,
   112 Cal. App. 4th 1416 (2003) ....................................................................................... 4

*Robert J. v. Leslie M.*,
   51 Cal. App. 4th 1642 (1997) ......................................................................................... 3

*Rubin v. Green*, 4 Cal. 4th 1187, 1195 (1993) ...................................................................... 8

*Rusheen v. Cohen*,
   37 Cal. 4th 1048 (2006) .................................................................................................. 9

*Setzler v. City & County of San Francisco*,
   No. C 07-05792, 2008 U.S. Dist. LEXIS 43072 (N.D. Cal. June 2, 2008) ................... 2

*Silberg v. Anderson*,
    50 Cal. 3d 205 (1990) ................................................................................................................ 8

*Tensor Group v. City of Glendale*,
    14 Cal. App. 4th 154 (1993) ...................................................................................................... 4

*Thomas v. Hous. Auth. of Los Angeles*,
    No. CV 04-6470, 2006 U.S. Dist. LEXIS 97511 (C.D. Cal. Feb. 28, 2006) ....................... 3, 6

## STATUTES

Cal. Bus. & Prof. Code § 17200 *et seq.* ............................................................................................ 2

Cal. Civ. Code § 2981 *et seq* ............................................................................................................ 2

Cal. Civ. Code § 47(b) ...................................................................................................................... 8

Cal. Civ. Code § 47(b)(2) ....................................................................................................... 1, 9, 10

Fed. R. Civ. P. 12(f) .......................................................................................................................... 2

1 **NOTICE OF MOTION AND MOTION**

2   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that on October 27, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable James Ware, in the United States Courthouse located at 2112 Robert F. Peckham Federal Bldg and United States Courthouse, 280 South First Street San Jose, California 95113, California, Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase"), sued erroneously as "JPMorgan Chase Bank dba Chase Automotive Finance," will, and hereby does, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, move to strike certain allegations of the Complaint filed by plaintiff Maria I. Irias on the grounds that they contain immaterial and impertinent matters because they (i) seek to invalidate prior judgments by relitigating claims and issues in violation of the doctrine of res judicata and (ii) contain material that is absolutely privileged under section 47(b)(2) of the California Civil Code.

The specific allegations Chase moves to strike are as follows:

1. Paragraph 1, lines 16-17 at page 2: "seeks and obtains deficiency judgments knowing that such judgments are unlawful";

2. Paragraph 18, lines 13-14 at page 7: "from, and obtain deficiency judgments against members of the general public in various courts of law";

3. Paragraph 18, lines 15-16 at page 7: "or obtaining any deficiency judgment";

4. Paragraph 18, lines 16-21 at page 7: "Plaintiff is informed and believes and thereon alleges that Chase has obtained and continues to obtain such judgments as a regular and uniform business practice, by suing consumers and then submitting false and/or misleading affidavits in court, which represent that defendants have fully complied with the Rees-Levering Act, when in fact they have not.";

5. Paragraph 25, lines 26-27 at page 9: "and whether defendants have, through false or misleading representations to the courts of this State obtained judgments in violation of Civil Code § 2983.3"; and

6. Paragraph 31(l), lines 10-11 at page 12: "Chase unlawfully, unfairly and/or fraudulently file lawsuits against members of the class issued defective Statutory Notices in order to collect deficiency balances; and"; and

7. Paragraph 31(m), lines 13-15 at page 12: "Chase unlawfully, unfairly and/or fraudulently misrepresent their compliance with the provisions of Civil Code § 2983.2 to courts throughout the State of California and conceal their violations of the law."

The Motion to Strike is based on this Notice, the accompanying Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, all pleadings, records, and papers on file in this action, and such further evidence and argument as may be presented to the Court at the hearing of this motion.

Dated: July 10, 2008

ROBERT S. STERN
JAMES R. McGUIRE
SARAH E. GRISWOLD
SYLVIA RIVERA
MORRISON & FOERSTER LLP

By:   /s/ James R. McGuire
          James R. McGuire

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.,
*Erroneously sued as*
JPMORGAN CHASE BANK dba
CHASE AUTOMOTIVE FINANCE

DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION TO STRIKE - Case No. 08-CV-3099 JW
la-983605

2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

Through her complaint, Plaintiff Maria I. Irias seeks to invalidate on a wholesale and indiscriminate basis virtually every deficiency judgment that JPMorgan Chase Bank, N.A. ("Chase") has obtained against defaulting debtors over the past four years.  In so doing, she runs afoul of the long-established doctrine of res judicata, which precludes the relitigation of claims and issues finally adjudicated in the prior actions.  Chase's successful actions for deficiency judgments conclusively established that the notices of intent to sell repossessed vehicles ("NOIs") that it provided to those judgment debtors complied with applicable law.  Plaintiff cannot upset those determinations by this collateral attack.  The portions of her Complaint that seek to nullify those judgments should be stricken.

Likewise, Plaintiff is categorically precluded from attempting to base her claims in this action on the fact Chase has prosecuted lawsuits for deficiency judgments.  Chase's acts of filing lawsuits to obtain deficiency judgments, and any communications made during such litigation, are absolutely privileged.  As a result, Plaintiff cannot base any of her claims on her allegations that (i) Chase misrepresented to the courts its compliance with California's Rees-Levering Act, or that (ii) Chase wrongfully filed lawsuits for and obtained deficiency judgments.  To the extent Plaintiff seeks to rely on such allegations, her causes of action are thus barred.  Accordingly, Chase respectfully requests that the Court strike the improper allegations from the Complaint to avoid the expenditure of time and money that litigating those specious issues would otherwise require.[1]

### **FACTUAL ALLEGATIONS**

Chase financed Plaintiff's purchase of an automobile.  When Plaintiff defaulted on her payments, Chase repossessed the automobile.  Plaintiff alleges that Chase sent her a defective NOI after it repossessed the vehicle.  (Compl. ¶8.)  Based on this allegation, and the allegation

---

[1] This motion to strike is filed concurrently with Chase's motion to dismiss the Complaint, which seeks the dismissal of all of the claims asserted therein.  Should the Court grant Chase's motion to dismiss in its entirety, it need not reach this motion.

that Chase has provided defective NOIs to other debtors (*id.* ¶16), Plaintiff asserts claims on her own behalf, and on behalf of a putative class, for violation of California's Rees-Levering Motor Vehicle Sales and Finance Act ("Rees-Levering"), Cal. Civ. Code § 2981 *et seq.*, for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, breach of contract, conversion, and for declaratory relief.

Plaintiff also alleges, however, that Chase has wrongfully filed actions for deficiency judgments, and has obtained judgments against numerous defaulting debtors, by misrepresenting to the courts that Chase has complied with Rees-Levering's post-repossession notice requirements. (Compl. ¶¶ 1, 18, 31(l), 31(m).) Based on these allegations, Plaintiff seeks to invalidate virtually all of the deficiency judgments Chase has obtained throughout the putative class period dating back to May 2, 2004, and to preclude Chase from enforcing any such judgments in the future.

**ARGUMENT**

**I.   THE COURT SHOULD STRIKE ALLEGATIONS INTENDED TO NULLIFY PRIOR DEFICIENCY JUDGMENTS OBTAINED BY CHASE.**

The Court should strike those portions of the Complaint that seek to invalidate prior deficiency judgments by relitigating claims and issues adjudicated to finality therein related to the sufficiency of Chase's NOIs. The Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "This includes matter that a party is prevented from relitigating under the doctrine of res judicata." *Setzler v. City & County of San Francisco*, No. C 07-05792, 2008 U.S. Dist. LEXIS 43072, *22 (N.D. Cal. June 2, 2008) (granting motion to strike). The Court should strike such matters from a complaint pursuant to Rule 12(f) to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Here, res judicata bars relitigation of whether those putative class members against whom Chase

obtained a deficiency judgment were provided an NOI that complied with Rees-Levering.[2] Accordingly, the Court should strike those portions of the Complaint that seek to challenge, explicitly or implicitly, the finality of such judgments, to avoid the unnecessary expenditure of additional Court and party resources on adjudicating the issue in the future.[3]

### A.   Judgments Are Res Judicata and Cannot Be Invalidated By Collateral Attack.

California state law controls the preclusive effect of judgments obtained by Chase against debtors in California state courts. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007). "The doctrines of res judicata and collateral estoppel prevent a losing party from relitigating causes of action or issues against the prevailing party after a final judgment." *City of Santa Paula v. Narula*, 114 Cal. App. 4th 485, 490 (2003). The doctrines are among the "most important," "oldest and least flexible doctrines in American jurisprudence." *Robert J. v. Leslie M.*, 51 Cal. App. 4th 1642, 1647 (1997); *Thomas v. Hous. Auth. of Los Angeles*, No. CV 04-6470, 2006 U.S. Dist. LEXIS 97511, *41 (C.D. Cal. Feb. 28, 2006). Res judicata serves the compelling interests of judicial economy and fairness to the parties. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002) ("A predictable doctrine of res judicata benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration.'") (quotation omitted). The doctrine "rests upon the ground that [where a] party . . . has litigated, or had an opportunity to litigate the

---

[2] As discussed in Chase's concurrently-filed motion to dismiss, Rees-Levering is preempted as applied to Chase's lending operations because Chase is a national bank. As a result of such preemption, whether Chase's NOIs satisfy Rees-Levering is irrelevant. This motion, in contrast, posits that even if Rees-Levering did apply, Plaintiff cannot upset the deficiency judgments Chase has obtained against other defaulting debtors because such judgments conclusively established that Chase's NOIs satisfied Rees-Levering's requirements as to those judgment debtors.

[3] Indeed, several California state courts have granted similar motions to strike on res judicata grounds in cases where the debtor alleged that the creditor's NOIs were deficient under Rees-Levering and effectively sought to invalidate past deficiency judgments obtained by the creditor. (*See* Request for Judicial Notice, Exs. D-F.) Requests for judicial notice may properly be considered by the Court in ruling on a motion to strike, *Fantasy, Inc.*, 984 F.2d at 1528, and the decisions of the California trial courts contained therein are "persuasive authority," *MGM Grand Hotel, Inc. v. Imperial Glass Co.*, 533 F.2d 486, 489 n.5 (9th Cir. 1976).

same matter in a former action . . . [he] should not be permitted to litigate it again to the harassment and vexation of his opponent." *Pollock v. Univ. of Southern California*, 112 Cal. App. 4th 1416, 1427 (2003).

### B. Res Judicata Bars the Relitigation of Controversies Previously Litigated to a Final Deficiency Judgment in Chase's Favor.

The deficiency judgments Chase has obtained against defaulting debtors are res judicata and they preclude such debtors, and Plaintiff, from asserting that those debtors are not liable for the deficiency balances due to allegedly defective post-repossession NOIs. Accordingly, the relief Plaintiff seeks on behalf of such debtors is barred.

Res judicata describes the preclusive effect of a final judgment on the merits and prevents relitigation of the same controversy between the same parties or parties in privity with them. *Mycoge Corp.*, 28 Cal. 4th at 896; *Henrichs*, 474 F.3d at 615. This application of res judicata is commonly known as "claim preclusion." *Border Bus. Park, Inc. v. City of San Diego*, 142 Cal. App. 4th 1538, 1563 (2006). For the purpose of applying the doctrine of res judicata, it does not matter whether the same claims were *actually* litigated in the prior action, because a final judgment determines not only every matter raised, but every matter that *might* have been raised. *Narula*, 114 Cal. App. 4th at 490. The rule, as articulated by numerous courts, is:

> If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. … The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable.

*Tensor Group v. City of Glendale,* 14 Cal. App. 4th 154, 160 (1993) (quotation omitted); *see also Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees and Rest. Employees Union*, 215 F.3d 923, 928 (9th Cir. 2000) ("[Res judicata] also operates to bar any claims that could have been raised, not just those that actually were made."); *Justice v. Scully*, No. CIV S-04-0684, 2008 U.S. Dist. LEXIS 2076, *6 (E.D. Cal. Jan. 2, 2008) (res judicata bars a matter that was "within the scope of the [prior] action, related to the subject matter and relevant to the issues,

DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION TO STRIKE - Case No. 08-CV-3099 JW
la-983605

4

so that it could have been raised" in the prior action, even though it "was not in fact expressly pleaded or otherwise urged").

Here, the prior deficiency judgments obtained by Chase conclusively establish that Chase's NOIs as to those debtors complied with Rees-Levering. Rees-Levering provides that:

> . . . no deficiency judgment shall lie [after repossession and sale of a vehicle] . . . unless the court has determined that the sale . . . was in conformity with the provisions of this chapter.

Cal. Civ. Code § 2983.8. Plaintiff concedes that no deficiency judgment may be awarded unless a court first concludes that the creditor has complied with Rees-Levering's post-repossession notice requirements. (Compl. ¶ 14.) Thus, the question whether the NOIs satisfied Rees-Levering was necessarily raised, and decided in Chase's favor, in every suit in which Chase successfully obtained a deficiency judgment. And even if the resolution of Chase's actions to recover deficiency balances had not necessarily resolved the matter, the prior judgments would nonetheless be res judicata because the judgment debtors could have raised the alleged deficiency of the NOIs as a defense in those actions. *See Tensor Group*, 14 Cal. App. 4th at 160; *Monterey Plaza Hotel Ltd. P'ship,* 215 F.3d at 928.

It is irrelevant that the Complaint here does not *explicitly* request the set aside of deficiency judgments because the practical effect of Plaintiff's request is the invalidation of such judgments. For example, Plaintiff seeks restitution and disgorgement of profits (Compl., "Prayer" ¶ 3) resulting from Chase's efforts to collect deficiency balances, which presumably includes amounts obtained pursuant to judgments, and seeks to enjoin Chase from collecting deficiency balances allegedly owed by members of the putative class (*id*. ¶ 37), which would preclude the enforcement of deficiency judgments. Such relief, if granted, would wholly eviscerate any deficiency judgments Chase has obtained against such members of the putative class. As such, Plaintiff is precluded from attempting to nullify Chase's deficiency judgments.

### C. Collateral Estoppel Bars the Relitigation of Issues that Were Adjudicated In Chase's Actions for Deficiency Judgments.

Plaintiff is similarly barred by collateral estoppel from attacking the deficiency judgments. Collateral estoppel, or "issue preclusion," bars the relitigation of any *issue* litigated in a prior

1  proceeding, including any "legal theory or factual matter which could have been asserted in
2  support of or in opposition to [an] issue which was litigated." *Border Bus. Park, Inc.*, 142 Cal.
3  App. 4th at 1565-66.  Put differently, a judgment "is a collateral estoppel on issues which were
4  raised, even though some factual matters or legal arguments which could have been presented
5  were not." *Id.* at 1566 (quotation omitted).

6  As previously discussed, the prior deficiency judgments obtained by Chase conclusively
7  establish that Chase's NOIs as to those debtors satisfied Rees-Levering.  Cal. Civ. Code § 2983.8
8  (entry of deficiency judgment requires the court to first conclude that NOI complied with Rees-
9  Levering); (Compl. ¶ 14(conceding that no deficiency judgment may be awarded unless a court
10 first concludes that the creditor has complied with Rees-Levering's post-repossession notice
11 requirements).)  Again, if the NOIs Chase provided to those debtors were defective, then those
12 debtors should have raised that as a defense to Chase's suit to collect the deficiency balance.
13 Having failed to raise the defense in the prior action, the debtors, and anyone seeking to assert a
14 claim on their behalf, such as Plaintiff here, are precluded from raising the issue in this action.
15 *See Border Bus. Park, Inc.*, 142 Cal. App. 4th at 1565-66 (party barred from asserting defenses
16 that it could have raised in prior litigation).

### D. Plaintiff Has Asserted No Valid Ground for Collaterally Attacking the Prior Judgments.

19 Collateral attacks on prior judgments are highly disfavored, and there are simply no
20 grounds for allowing such an attack here.  A final judgment on the merits is binding "even though
21 contrary to statute," as long as the court had personal jurisdiction and subject matter jurisdiction.
22 *Narula*, 114 Cal. App. 4th at 490.  Absent timely appeal, such a judgment can *only* be upset if it
23 was obtained by extrinsic fraud or mistake.  *Westphal v. Westphal,* 20 Cal. 2d 393, 397 (1942);
24 *Barnett v. American-Cal Med. Servs.*, 156 Cal. App. 3d 260, 265 (1984); *Thomas v. Hous. Auth.*
25 *of Los Angeles*, No. CV 04-6470, 2006 U.S. Dist. LEXIS 97511, *42 (C.D. Cal. Feb. 28, 2006).
26 Plaintiff does not allege that the judgments were obtained through extrinsic fraud or
27 mistake.  The natural implication of her allegations is that the courts that entered deficiency
28 judgments incorrectly concluded that the NOIs satisfied Rees-Levering.  However, such an

allegation cannot overcome the preclusive effect of the courts' determinations. *Narula*, 114 Cal. App. 4th at 490 (holding that a judgment is binding even if the court's determination is "palpably erroneous"); *Adoption of Matthew B.*, 232 Cal. App. 3d 1239, 1268 (1991) ("That the trial court may have wrongly decided the matter does not defeat or limit its jurisdiction or affect the validity or the finality of its judgment."); *Armstrong v. Armstrong*, 15 Cal. 3d 942, 950-51 (1976) ("The error of which plaintiffs in this case complain does not reach the power of the court to act, but concerns instead a mistaken application of law. Thus the judgment may not be collaterally attacked.")

Plaintiff's allegation that Chase obtained deficiency judgments by misrepresenting its compliance with Rees-Levering's notice requirements is of no moment. As the California Supreme Court has explained, a collateral attack is barred even if a party maintains that its adversary acted dishonestly:

> A party who has been given proper notice of an action . . . and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack.

*Westphal,* 20 Cal. 2d at 397; *see also In re David H.*, 33 Cal. App. 4th 368, 383 (1995) ("'Instrinsic fraud', which includes the presentation of false evidence in the proceedings, is not a basis for equitable relief from the resulting judgment."); *Thomas*, 2006 U.S. Dist. LEXIS 97511 at *46 (rejecting contention that presentation of misleading evidence constitutes extrinsic fraud). Plaintiff does not allege that the judgment debtors lacked notice of the prior actions or were otherwise prevented from participating in the prior actions. Thus, she is precluded from launching a collateral attack on their behalf.[4] Accordingly, the Court should strike allegations in the Complaint intended to nullify any prior deficiency judgments obtained by Chase.

---

[4] Of course, Plaintiff cannot challenge the judgments *on her own behalf* because she has not, and cannot, allege that such judgments in any way affect, much less prejudice, any of her rights or interests. *See Mary R. v. B. & R. Corp.*, 149 Cal. App. 3d 308, 315 (1983) ("[A third

(Footnote continues on next page.)

## II. THE COURT SHOULD STRIKE ALLEGATIONS RELATING TO CHASE'S EFFORTS TO OBTAIN DEFICIENCY JUDGMENTS BECAUSE THEY ARE BARRED BY THE LITIGATION PRIVILEGE.

The Complaint contains numerous allegations concerning Chase's filing of lawsuits to obtain deficiency judgments from debtors other than Plaintiff. Such communications and communicative conduct are absolutely privileged under section 47(b) of the California Civil Code, and thus, cannot under any circumstance form the basis of Plaintiff's causes of action. Accordingly, Chase requests that the Court strike portions of the Complaint that concern material protected by the litigation privilege.

### A. California Civil Code Section 47(b)(2) Creates an Absolute Privilege for Communications Made During Litigation.

Section 47(b) of the California Civil Code creates an absolute privilege for a "publication or broadcast . . . (b) [i]n any . . . (2) judicial proceeding." Cal. Civ. Code § 47(b)(2). It is black-letter law that the initiation and maintenance of a lawsuit are absolutely privileged under section 47(b)(2). *Rubin v. Green*, 4 Cal. 4th 1187, 1195 (1993) ("we can imagine few communicative acts more clearly within the scope of the privilege than . . . filing the complaint and subsequent pleadings in the litigation"). Communications made during the course of the lawsuit are also protected by the absolute privilege, regardless of whether such communications were "fraudulent, perjurious, unethical, or even illegal." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002). With the exception of properly pleaded claims for malicious prosecution, the litigation privilege of section 47(b)(2) applies to virtually all causes of action. *Silberg v. Anderson*, 50 Cal. 3d 205, 215 (1990); *see, e.g., Rubin*, 4 Cal. 4th 1187 (applying litigation privilege to UCL cause of action); *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, No. CV-F-07-0349, 2008 U.S. Dist. LEXIS 46972, *55 (E.D. Cal. May 29, 2008) (same). The protections of the litigation privilege

---

(Footnote continued from previous page.)

party] may collaterally attack the validity of [an] order where it can establish a right, claim or interest, accruing before the issuance of the order which is prejudiced or injuriously affected by its enforcement.").

1   are so fundamental, that "any doubt as to whether the privilege applies is resolved in favor of

2   applying it." *Morales v. Coop. of Am. Physicians, Inc.*, 180 F.3d 1060, 1062 (9th Cir. 1999).

### B. Chase's Actions for Deficiency Judgments Are Absolutely Privileged and Cannot Form the Basis of Any Claim.

5   Plaintiff is barred from basing her causes of actions on the fact Chase has commenced

6   actions for, and in many instances obtained, deficiency judgments, because such conduct is

7   absolutely privileged by California Civil Code section 47(b)(2).  Plaintiff's allegations that Chase

8   "unlawfully, unfairly and/or fraudulently file[s] lawsuits against members of the class issued

9   defective Statutory Notices in order to collect deficiency balances" (Compl. ¶ 36(l)) cannot

10  support any of her causes of action as a matter of law because the filing of a complaint and the

11  maintenance of a lawsuit are absolutely privileged acts. *Rubin*, 4 Cal. 4th at 1195.

12  The litigation privilege also precludes Plaintiff from basing any claim on her allegation

13  that Chase "misrepresented" its compliance with Rees-Levering in the course of judicial

14  proceedings.  (Compl. ¶ 36(m).)  As the California Supreme Court recently reaffirmed, the

15  litigation privilege is construed broadly and applies without exception even to claims arising from

16  allegedly perjurious conduct. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006) (affirming

17  application of the litigation privilege to cause of action "alleging the filing of false or perjurious

18  testimony or declarations").  Thus, the litigation privilege applies to Plaintiff's allegations that

19  Chase misrepresented its compliance with Rees-Levering just as clearly as it applies to her

20  attempt to base her claims on Chase's actions for deficiency judgments.  As a result, such

21  allegations are improper and should be stricken to avoid unnecessarily time-consuming and costly

22  further litigation on the issue.

23  //

24  //

25  //

26  //

27  //

28  //

**CONCLUSION**

For the foregoing reasons, Chase requests the Court grant its motion to strike from the Complaint those allegations that seek to nullify deficiency judgments obtained by Chase in violation of the doctrine of res judicata, and those allegations relating to communications and communicative conduct that is absolutely privileged pursuant to section 47(b)(2) of the California Civil Code.

Dated: July 10, 2008

ROBERT S. STERN
JAMES R. McGUIRE
SARAH E. GRISWOLD
SYLVIA RIVERA
MORRISON & FOERSTER LLP

By:   /s/ James R. McGuire
      James R. McGuire

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.,
*Erroneously sued as*
JPMORGAN CHASE BANK dba
CHASE AUTOMOTIVE FINANCE